UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-10419 CAS (VBKx) | Date | February 24, 2012 |
|---|---|---|---|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:) DEFENDANTS' MOTION TO DISMISS** (filed 1/12/2012)

## I.   INTRODUCTION

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of February 27, 2012, is vacated, and the matter is hereby taken under submission.

On December 16, 2011, plaintiff Alejandro Junger filed the instant action against Bank of America, N.A. as successor-by-merger to BAC Home Loans Servicing, LP f/k/a America's Wholesale Bank, N.A. ("Bank of America"); U.S. Bank National Association ("U.S. Bank"), as trustee for the benefit of Lehman XS Trust, series 2006-2N, Mortgage Pass Through Certificates, series 2006-2N trust ("Lehman XS Trust"), and Does 1–10. (collectively, "defendants").  Plaintiff asserts nine claims for relief, styled as: (1) declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202; (2) negligence; (3) quasi contract; (4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); (5) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"); (6) violation of Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (7) accounting; (8) breach of contract; and (9) breach of the implied covenant of good faith and fair dealing.

On January 24, 2012, defendants filed the instant motion to dismiss.  Plaintiff filed an opposition on February 6, 2012, and defendants filed a reply on February 13, 2012. Defendants' motion is currently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-10419 CAS (VBKx) | Date | February 24, 2012 |
|----------|------------------------|------|-------------------|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | |

## II.    BACKGROUND

On November 15, 2005, plaintiff executed a promissory note for $963,750.00 ("note" or "loan") in favor of America's Wholesale Lender ("AWL") secured by a deed of trust on property located at 402 Brooks Avenue, Venice, California. Compl. ¶¶ 1, 7, 15. Plaintiff alleges that shortly after the origination of his loan, AWL sold his loan to "another entity or entities" to be identified "through discovery." Id. ¶ 16. Plaintiff avers that these "unknown entities" and defendants were involved in "an attempt to securitize" his loan into a mortgage pool by transferring the note and deed of trust to U.S. Bank as trustee for the Lehman XS Trust. Id. ¶ 19. According to plaintiff, defendants failed to adhere to the January 31, 2006 deadline for transferring the note as required by the pool servicing agreement ("PSA") that governed the securitization of the note. Id. ¶ 17. Plaintiff alleges that this "fatal defect" renders defendants as "third-party strangers" to the underlying debt obligation without power or right to demand payment, declare default, negotiate his loan, or foreclose on his property. Id. Plaintiff does not dispute "that a debt obligation exists," but rather bases his claims on the allegation that defendants have no security interest in the debt obligation such that they cannot enforce the debt obligation by collecting payment and "seeks the Court's assistance in determining who the true creditor is of his Note and Deed of Trust." Id. ¶¶ 21, 22, 26.

According to plaintiff, he sent a Qualified Written Request ("QWR") to Bank of America on July 26, 2011, "in an effort to verify his debt." Id. ¶ 24. Plaintiff avers that Bank of America did not acknowledge receipt of the QWR within five days of its receipt or respond substantively within 30 days in violation of RESPA. Id.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10419 CAS (VBKx) | | Date | February 24, 2012 |
|----------|------------------------|---|------|-------------------|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10419 CAS (VBKx) | Date | February 24, 2012 |
|---|---|---|---|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | |

could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

# IV.   DISCUSSION

### A.   First, Second, Third, Sixth, and Seventh Claims for Declaratory Relief, Negligence, Quasi Contract, Violations of the UCL, and Accounting

Plaintiff's first, second, third, sixth, and seventh claims are all based on the allegation that U.S. Bank did not comply with the securitization procedures as set forth in the PSA.  <u>See</u> Compl. ¶¶ 18, 20, 26, 37, 47, 51, 89, 115.

Defendants move to dismiss these claims on the grounds that plaintiff (1) lacks standing to challenge the securitization of his loan, (2) lacks standing to invoke additional requirements to foreclose that fall outside California's comprehensive nonjudicial foreclosure statutory scheme, (3) fails to adequately allege tender, (4) cannot show prejudice, (5) does not plead any facts that there was anything improper with the securitization of the loan, and (6) asserts claims that suffer other pleading defects as a matter of law.  Mot. at 4–14.

In opposition, plaintiff argues that defendants' contention that plaintiff lacks standing "is a misnomer."  Opp'n at 3.  Plaintiff contends that he does not challenge securitization or sue for breach of contract under the PSA, but rather "brings this suit to protect his own interest in the [p]roperty."  <u>Id.</u>

The Court finds that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is  not a party to the PSA.  <u>See</u> <u>In re Correia</u>, 452 B.R. 319, 324 (1st Cir. BAP 2011) (holding that debtors, as non-parties to a PSA, lack standing to challenge a mortgage assignment based on non-compliance with the agreement).  <u>Bascos v. Fed. Home Loan Morg. Corp.</u> is particularly on point.  2011 WL 3157063 (C.D. Cal. July 22, 2011).  In <u>Bascos</u>, the plaintiff brought a declaratory relief claim, alleging that the defendants "did not have the right to foreclose and sell the Subject Property" because Freddie Mac had "securitized the loan without complying with its own securitization requirements."  <u>Id.</u> at *1, *4.  The Court concluded that the plaintiff "has no standing to challenge the validity of the securitization of the loan as he is not an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10419 CAS (VBKx) | Date | February 24, 2012 |
|---|---|---|---|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | |

investor of the loan trust." Id. at *6. Plaintiff in this case lacks standing for these same reasons; namely, he is not a party to the PSA. He therefore cannot bring suit to challenge the securitization process. See also Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 899 (D. Haw. 2011) ("The overwhelming authority does not support a [claim] based upon improper securitization."); Greene v. Home Loan Servs., Inc., 2010 WL 3749243, *4 (D. Minn. Sept. 21, 2010) ("Plaintiffs do not have standing to bring their challenge regarding the securitization of the mortgage" because they were "not a party to the Pooling and Servicing Agreement").

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's first, second, third, sixth, and seventh claims insofar as they challenge the validity of the securitization process.[1]

### B.    Fourth Claim for Violation of the FDCPA

Plaintiff avers that U.S. Bank, as trustee for the Lehman XS Trust, "attempted to collect on the Note under false pretenses, namely that U.S. Bank was assigned [p]laintiff's debt when in fact [it was] not." Compl. ¶¶ 55, 57. According to plaintiff, U.S. Bank's actions violate § 1692e of the FDCPA because it "fraudulently concealed the fact" that it was not entitled to enforce plaintiff's debt obligation. Id. ¶ 68.

Defendants move to dismiss this claim on the ground that no defendant is a "debt collector" within the meaning of the FDCPA. Mot. at 14–15.

In opposition, plaintiff conclusorily asserts that U.S. Bank's activities as trustee for the Lehman XS Trust "fall squarely within the FDCPA." Opp'n at 22.

The Court finds that plaintiff's FDCPA claim should be dismissed. "To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" Izenberg v. ETS Servs., 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008) (citation omitted). The FDCPA defines a "debt collector" as:

---

[1]Because the Court concludes that plaintiff lacks standing, it does not address the remaining potential bases for dismissal of these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10419 CAS (VBKx) | Date | February 24, 2012 |
|---|---|---|---|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | |

> any person who uses any instrumentality of interstate commerce
> or the mails in any business the principal purpose of which is the
> collection of any debts, or who regularly collects or attempts to
> collect, directly or indirectly, debts owed or due or asserted to be
> owed or due another.

Id., 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008) (citing 15 U.S.C. § 1692a(6)).

The basis for plaintiff's FDCPA claim appears to be that defendants have no legal interest in payments on plaintiff's loan. Because, as discussed above, plaintiff has failed to allege sufficient facts to support the claim that defendants have no interest in such loan payments, plaintiff's FDCPA claim fails as a matter of law. Moreover, even if plaintiff did have standing, plaintiff has failed to establish that defendants are "debt collectors" within the meaning of the Act. This is so because the "activity of foreclosing on property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906, *6 (S.D. Cal. Oct. 30, 2008).

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's FDCPA claim.

### C.     Fifth Claim for Violation of RESPA

Section 2605 of RESPA requires loan servicers of federally related mortgage loans to respond to "qualified written request(s)" (i.e. "QWR"). 12 U.S.C. § 2605(e). A QWR is a "written request from the borrower . . . for information relating to the servicing of such loan." Id. § 2605(e)(1)(A). A QWR must include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." Id. § 2605(e)(1)(B)(ii).

Plaintiff alleges that defendants' failure to acknowledge receipt of his QWR within five days of its receipt and failure to provide a substantive response to the QWR within 30 days of receipt violates RESPA and the Dodd-Frank Act. Compl. ¶¶ 74, 76, 77.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10419 CAS (VBKx) | Date | February 24, 2012 |
|---|---|---|---|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | |

Defendants move to dismiss this claim for two reasons: first, because plaintiff's QWR (attached as Exhibit C to the complaint) requests a "laundry list of information without identifying the reason [p]laintiff believes his account is in error," and that "[s]uch broad requests for information" are not covered by RESPA.  Mot. at 16 (quoting Derusseau v. Bank of Am., N.A., 2011 WL 5975821, *4 (S.D. Cal. Nov. 29, 2011)).  Second, defendants argue that plaintiff's claim fails to allege pecuniary loss as required by RESPA.  Mot. at 16.

In opposition, plaintiff argues that the QWR adequately sets forth his reason for believing his account was in error—namely, that defendants had engaged in "deceptive servicing practices."  Opp'n at 23.  Second, plaintiff contends that he has suffered pecuniary damages, "including over calculation [sic] and overpayment of interest on his loan, the costs associated with removing the cloud on his property title, and attorneys' fees and costs."  Id. at 24 (citing Compl. ¶¶ 81–84).

The Court finds that plaintiff's RESPA claim should be dismissed.  Under RESPA, a servicer need not respond to an unreasonable request for information unless the plaintiff justifies his or her belief that the account is in error.  See Derusseau, 2011 WL 5975821 at *4.  Plaintiff's QWR in this case requests a "complete life of loan transactional history," the "Transaction Codes for the software platform of the Servicer," and the "Key Loan Transaction history, bankruptcy work sheet (if any), or any summary of all the accounts in an XL spreadsheet format."  See Compl. Exh. C.  These identical requests were rejected in Derusseau as overbroad under RESPA.  Compare id. with Derusseau, 2011 WL 5975821 at *4 (concluding that the loan servicer "has no obligation [under RESPA] to provide [p]laintiff the extraordinary amount of information she requested" in her QWR and accordingly granting defendants' motion to dismiss).  Moreover, the precise damages plaintiff claims in this case were likewise found to be insufficient in Derusseau.  See id. (finding that the plaintiff's prayer for damages "do not identify any specific identifiable damages [p]laintiff suffered" as a result of the servicer's failure to respond).[2]

---

[2]The Court notes that counsel of record for the plaintiff in Derusseau is the same counsel for plaintiff in this case and the allegations pled therein are nearly identical to the present allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10419 CAS (VBKx) | Date | February 24, 2012 |
|----------|------------------------|------|-------------------|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | |

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's RESPA claim.

### D.   Eighth and Ninth Claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

To state a claim for a breach of contract, a plaintiff must allege the defendant's breach with respect to the terms of a contract. E.g., Wall St. Network, Ltd. v. New York Times Co., 164 Cal. App. 4th 1171, 1178 (Cal. Ct. App. 2008). To state a claim for a breach of the implied covenant of good faith and fair dealing, a plaintiff must allege a breach of an implied duty derived from an express term of the contract. Berger v. Home Depot U.S.A., Inc., 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007).

As to the breach of contract claim, plaintiff alleges that defendants improperly credited and debited his account by not applying his payments in the order of priority set forth in section 2 of the deed of trust. Compl. ¶¶ 123, 125. As to the breach of implied covenant of good faith and fair dealing claim, plaintiff alleges that defendants "breached the implied promise of good faith and fair dealing by making it impossible for [p]laintiff to carry out his obligations under the contract because of the improperly applied payments and addition of interest and improper fees to his account." Id. ¶ 130.

Defendants move to dismiss these claims on the ground that they are "hopelessly vague and conclusory." Mot. at 17.

Plaintiff's opposition does not address the breach of contract claim, other than repeating the allegation that section 2 "was breached" based on "the misapplication of [plaintiff's] payments." Opp'n at 24. As to the breach of implied covenant of good faith and fair dealing claim, plaintiff asserts that defendants' alleged misapplication of her loan payments was done "with the intent to frustrate the purpose of the contract." Id. at 25. Plaintiff contends that defendants may be liable for punitive damages because their alleged breach was "tortious." Id.

The Court finds that plaintiff's eighth and ninth claims should be dismissed. Section 2 of the deed, attached to the complaint, states that plaintiff's initial payments should start at $3,099.80, and explains how future payments will be subsequently recalculated. Compl., Exh. D at 20. Plaintiff alleges no facts to support how any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-10419 CAS (VBKx) | Date | February 24, 2012 |
|----------|------------------------|------|-------------------|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | |

payments were not applied to this schedule or in the proper priority. Rather, plaintiff conclusorily asserts there has been a breach. Faced with these identical allegations, the Derusseau court observed:

> Plaintiff fails to assert which payments [d]efendants improperly allocated, when the incorrect application occurred, how many times payments were not credited properly, or even generally why she believes her account is in error. Although [p]laintiff need not provide detailed allegations of every error [d]efendants allegedly made, she must do more than provide a formulaic recitation of the elements to state a breach of contract claim.

2011 WL 5975821 at *4. See also Twombly, 550 U.S. at 555.

Because plaintiff's claims are "entirely conclusory" and "unsubstantiated by factual allegations," they should be dismissed. Derusseau, 2011 WL 5975821 at *4. Defendants' motion is therefore GRANTED as to plaintiff's eighth and ninth claims.[3]

/ / /

/ / /

/ / /

---

[3]Moreover, to the extent plaintiff alleges a tortious breach of the implied covenant of good faith and fair dealing, such damages have been extended "only to situations where there are unique fiduciary-like relationships between the parties . . . ." Mitsui Mfrs. Bank v. Sup. Ct., 212 Cal. App. 3d 726, 729 (Cal. Ct. App. 1989). "[T]he ordinary arms-length commercial lender/borrower relationship [is] insufficient as a matter of law to generate tort damages for the breach of the covenant of good faith and fair dealing." Id.; see also Connors v. Home Loan Corp., 2009 WL 1615989, *6 (S.D. Cal. June 9, 2009) ("[I]n California, a plaintiff may not recover for a breach of an implied covenant, absent a 'special relationship' between the borrower and the lender."). Because plaintiff has not alleged any such "special relationship" between him and defendants, his ninth claim fails as a matter of law insofar as it alleges tort damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10419 CAS (VBKx) | Date | February 24, 2012 |
|---|---|---|---|
| Title | ALEJANDRO JUNGER v. BANK OF AMERICA, N.A. ET AL. | | |

**V.     CONCLUSION**

In accordance with the foregoing, defendants' motion to dismiss is GRANTED in its entirety without prejudice.  Plaintiff shall have **twenty (20) days** to file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer |  | CMJ | |